## VINCENT DLOUGHY
### V.
## ALBERT SPANNINGER ET AL.

*Judgments—Priority of Lien—Sec. 1, Chap. 77, R. S.—Separate Courts.*

Two separate courts can not have the same term within the meaning of Sec. 1, Chap. 77, R. S. Hence a judgment of the Circuit Court, while it shares *pro rata* with a judgment entered on the same day in the Superior Court, does not also share with other judgments entered in that court on subsequent days of the same term.

[Opinion filed March 13, 1889.]

APPEAL from the Superior Court of Cook County; the Hon. EGBERT JAMIESON, Judge, presiding.

Mr. THEODORE SCHINTZ, for appellant.

Messrs. WEIGLEY, BULKLEY & GRAY, for E. W. Blatchford & Co., appellees.

GARY, J. The construction of the act of March 22, 1872, of which the part material to this controversy is that " a

judgment of a court of record shall be a lien on the real estate of the person against whom it is obtained, situated within the county for which the court is held, from the time the same is rendered or revived, for the period of seven years, and no longer, provided that there shall be no priority of the lien of one judgment over that of another rendered at the same term of court, or on the same day in vacation," is the only question in this case.

The terms of the Circuit Court of Cook county begin on the third Monday of each month; those of the Superior Court on the first Monday. These parties severally had judgment against the same persons, whose real estate was sold under a foreclosure in the Superior Court, and there being a surplus, the question is, how it shall be apportioned among the judgment creditors. Spanninger's judgment was entered November 26, 1886, in the Superior Court, and the judgment of all the other appellees on later days of the same term of the same court. The judgment of the appellant was entered in the Circuit Court November 26, 1886.

It seems clear enough that appellant and Spanninger (there being no evidence about hours, or the time of day) share *pro rata*. But does the proviso tack the other judgments to both appellant's and Spanninger's for the purpose of a *pro rata*, or only to Spanninger's? Are there two divisions—first, between appellant and Spanninger, and second, the share that falls to Spanninger in that division to be again divided among all the appellees? Or is there to be but one division among them all?

If the rule that "equality is equity" were followed there would be but one division. No aid at arriving at the right construction is found in any decision.

The words of the enacting part of the statute cover the case between appellant and Spanninger, but the words of the proviso apply literally only to appellees among themselves. The judgment of the appellant was not rendered at the "same term of court" with those of the appellees, for it was in another court, and separate courts can not have the same terms, even if they are of the same name, and identical in period.

The Superior Court directed one division *pro rata* among all parties. With hesitation, this court decides that there should be two, as above indicated. If the parties will take the judgment of the Supreme Court upon the question, the rule will be established.

The decree is reversed, and the cause remanded, with directions to make the division according to this opinion.

*Reversed and remanded.*